IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE ABEYTA,

       Plaintiff,

vs.                                                                      CIV 17-0447 KBM

ANDREW SAUL, Commissioner
of the Social Security Administration,[1]

       Defendant.

## <u>ORDER GRANTING § 406(b) ATTORNEY FEES</u>

THIS MATTER is before the Court on Plaintiff's Motion for an award of $15,119.25 in attorney fees pursuant to 42 U.S.C. § 406(b)(1). *Doc. 23.* The Defendant "generally takes no position on such petitions. However, . . . the Commissioner has no objection to the petition in this case." *Doc. 24* at 1. Being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and should be granted.

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of her application for Social Security disability benefits. On December 18, 2017, this Court granted Defendant's unopposed motion to remand for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Docs. 18, 19.* On remand, the Social Security Administration found Plaintiff to be disabled and awarded $84,477.00 full benefits from May 2012 forward but withheld twenty-five percent of those benefits, or $21,119.25, in the event that Plaintiff's counsel were to bring a claim

---

[1] Andrew Saul was confirmed as Commissioner of Social Security on June 17, 2019, and he therefore is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

for attorney fees pursuant to the retainer agreement. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in an amount – $15,119.25 – significantly less than that withheld .

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. It bears noting that in the instant case, EAJA fees were not requested from or awarded by the Court. Under § 406(b), the court may award fees when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002); *Culbertson v. Berryhill*, ___ U.S. ___, 139 S. Ct. 517, 521-23 (2019) (Section 406(b)(1)(A)'s twenty-five-percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b)). Section 406(b) also requires the Court to act as "an independent check" to ensure that fees are reasonable even if they are less than twenty-five percent of the past-due benefits because there is no presumption that

2

twenty-five percent is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that the legal representation of Plaintiff by Michael Armstrong Law Office, LLC was more than adequate. Mr. Armstrong's long recognized expertise in the area of social security law undoubtedly assisted him in obtaining a fully favorable decision. Moreover, Counsel did not delay the proceedings before this Court. The instant Motion was filed within a reasonable time after Plaintiff received notice, on April 22, 2020, of entitlement to past-due benefits. The Court further finds that the requested fees are significantly below the twenty-five percent permitted by the retainer agreement and proportionate given the amount of time (31.2 hours) spent on the case. The requested fee amount represents an hourly rate of $484.59 per hour which is in line with other fee awards authorized in this District under 406(b). *See e.g., Marquez v.*

*Astrue*, CIV 10-1165 CG *(Doc. 30)* (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Dimas v. Astrue*, CIV 03-1157 RHS *(Doc. 34)* (awarding $17,000 for 38.26 hours or $444.23 per hour). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

Finally, in an attached affidavit, Attorney Armstrong explains that he is an employee of the law firm of record but currently on inactive status in both states in which he is authorized to practice law. *Doc. 23-1* at 30. Because "[a]ll proceeds from [his] representation of claimants inures to the benefit of the firm[,]" he requests that the Court authorize direct payment of the fees to Laura Joellen Johnson, who is now the managing member of the firm. This appears to be a reasonable request under the circumstances.

Wherefore**,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) is **granted.** The Court hereby authorizes $15,119.25 in attorney fees for legal services rendered in United States District Court, to be paid by the Social Security Administration.

_____
UNITED STATES MAGISTRATE JUDGE